# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **VIRGINIA ECHOLS,** | ) | Case No. 19-12958-KHK |
| | ) | |
| Debtor | ) | Chapter 7 |
| | ) | |
| _____ | ) | |
| | ) | |
| **ARAFA REAL ESTATE, LLC** | ) | |
| c/o MCNAMEE, HOSEA et al. | ) | |
| **6411 IVY LANE, SUITE 200** | ) | |
| **GREENBELT, MD 20770** | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v | ) | |
| | ) | |
| **VIRGINIA ECHOLS, Debtor** | ) | |
| 17726 Tobermory Place | ) | |
| Leesburg, VA 20175 | ) | |
| | ) | |
| **ALEXI FARACO,** | ) | |
| 17726 Tobermory Place | ) | |
| Leesburg, VA 20175 | ) | |
| | ) | |
| **JULIO JARAMILLO,** | ) | |
| 17726 Tobermory Place | ) | |
| Leesburg, VA 20175 | ) | |
| | ) | |
| **GLORIA JARAMILLO,** | ) | |
| 17726 Tobermory Place | ) | |
| Leesburg, VA 20175 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **JANET M. MEIBURGER**, Chapter 7 Trustee | ) | |
| The Meiburger Law Firm, P.C. | ) | |
| 1493 Chain Bridge Road, Suite 201 | ) | |
| McLean, VA 22101-5726 | ) | |
| | ) | |
| **Respondents.** | ) | |

**NOTICE OF AND MOTION FOR ORDER TERMINATING AUTOMATIC STAY
AND REQUEST FOR EQUITABLE SERVITUDE AND IN REM
RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)**

Movant Arafa Real Estate, LLC ("Movant") has filed papers with the Court to seek relief from the automatic stay and an equitable servitude with respect to certain property located at 17726 Tobermory Place, Leesburg, VA 20175 (the "Property"), as well as in rem relief with respect to the Property. Movant seeks an order providing that any future bankruptcy case, including any future bankruptcy case filed by a former, current or future co-owner of the Property, will not stay an eviction or other action to obtain possession of the Property for a period of two years. Movant also seeks an order that the removal of any lawsuit relating to the Property to this or any other Bankruptcy Court or United States District Court will not stay an eviction or other action to obtain possession of the Property for a period of two years.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the relief sought in this motion, or if you want the Court to consider your views on the motion, then within 14 days of the service of this Notice and Motion, on or before **September 27, 2019**, you must file a written response explaining your position with the Court at the following address: Clerk of Court, United States Bankruptcy Court, Alexandria Division, 200 S. Washington Street, Alexandria, VA 22314, and serve a copy on the Movant's attorney at the address shown below.

Craig M. Palik, Esquire
Justin P. Fasano, Esquire
McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

Unless a written response is filed and served on or before the expiration of the applicable time period stated above, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the 14 day period.

In order to oppose this Motion, you must also attend the preliminary hearing scheduled to be held on **October 2, 2019 at 9:30 a.m. in Courtroom III,** United States Bankruptcy Court, U.S. Courthouse Annex, 200 S. Washington Street, Alexandria, Virginia 22314.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

**NOTICE OF MOTION TO (I) EXPEDITE THE HEARING ON THE MOTION, AND (II) TO SHORTEN THE PERIOD TO OBJECT TOMOTION FOR ORDER TERMINATING AUTOMATIC STAY AND REQUEST FOR EQUITABLE SERVITUDE AND RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)**

Please note that simultaneously with this Motion, Movant has filed a motion to (i) expedite the hearing on the Motion, and (ii) to shorten the period to object to the Motion ("the Motion to Expedite"). If the Bankruptcy Court enters the proposed order submitted with the Motion to Expedite; then the Motion will be heard on **September 18, 2019 at 9:30 a.m**. in the United States Bankruptcy Court for the Eastern District of Virginia, Courtroom III, before the Honorable Klinette H. Kindred, 200 S. Washington St., Alexandria, Virginia. Additionally, if the Bankruptcy Court enters the proposed order submitted with the Motion to Expedite, then any objections to the Motion can be made by **September 17, 2019**.

You will be notified separately of the hearing date on the Motion if the Motion to Expedite is granted

**MOTION FOR ORDER TERMINATING AUTOMATIC STAY
AND REQUEST FOR EQUITABLE SERVITUDE AND IN REM
RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)**

Movant Arafa Real Estate LLC ("Movant"), by and through its undersigned counsel, hereby respectfully requests that the automatic stay in this case be terminated, that an equitable servitude and in rem relief be issued as to the real property described herein, pursuant to 11 U.S.C. §§ 105, 362(d), and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and that the Court enter an order lifting the stay as to the real property described herein pursuant to 11 U.S.C. § 362(d)(4) that will be binding in any bankruptcy case filed within two years of the entry thereof, and for cause states as follows:

**I.     INTRODUCTION AND BACKGROUND**

1.     Debtor Virginia Echols [the "Debtor"] commenced this case by filing a voluntary petition under Chapter 7 of the United States Bankruptcy Code on September 5, 2019 (the "Petition Date").

2. This Court has jurisdiction to address the issues raised herein and grant the relief sought pursuant to 28 U.S.C. §§ 1334 and 157(b), and 11 U.S.C. §§ 105 and 362(d). This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(G).

3. Debtor purportedly owned an interest in certain real property located at 17726 Tobermory Place, Leesburg, VA 20175 (the "Property"), as tenants-in-common with Alexi Faraco, Julio Jaramillo, and Gloria Jaramillo. Alexi Faraco, Julia Jaramillo, Gloria Jaramillo, and the Debtor are hereinafter referred to as the "Co-Owners." The Property is more particularly described as follows:

> **Lot 34, SHENSTONE, as the same appears duly dedicated, platted and recorded in Deed Book 1829, Page 1416, among the Land Records of Loudoun County, Virginia.**

4. In 2006, the Debtor and Julio Jaramillo granted a Deed of Trust (the "Subject DOT") recorded as Instrument No. 20061101-0092746 in the principal amount of $1,000,000.00, recorded against the Property among the land records of Loudoun County, Virginia.

5. As set forth herein, cause exists to terminate the automatic stay and impose an equitable servitude on and in rem relief as to the Property. The Co-Owners have previously filed eleven (11) bankruptcies since 2006 in an ongoing scheme to delay the foreclosure of the Property.[1]

    a. Case Number: 12-15476 (E.D. Va.)
       Chapter: 13
       Filed By: Virginia Echols
       Date Filed: 9/10/2012
       Result: Dismissed for Failure to File Information 09/26/2012

    b. Case Number: 12-17108 (E.D.Va)
       Chapter: 13
       Filed By: Virginia Echols
       Date Filed: 12/3/2012
       Result: Dismissed for Other Reason 04/01/2013

---

[1] This does not include three chapter 13 bankruptcies filed by Julio Jaramillo between 1996 and 1998.

4

    c. Case Number: 13-13435 (E.D. VA)
       Chapter: 13
       Filed By: Julio Jaramillo and Virginia Echols
       Date Filed: 7/25/2013
       Result: Julio Jaramillo: Dismissed for Failure to File Information 08/29/2013
       Result: Virginia Echols: Dismissed for Other Reason 09/25/2013

    d. Case Number: 13-15526 (E.D. VA)
       Chapter: 13
       Filed By: Julio Jaramillo
       Date Filed: 12/12/2013
       Result: Dismissed for Failure to File Information 01/27/2014

    e. Case Number: 14-11118 (E.D. VA)
       Chapter: 13
       Filed by: Gloria Jaramillo
       Date Filed: 3/27/14
       Result: Dismissed 5/5/14

    f. Case Number: 15-13401 (E.D. VA)
       Chapter: 13
       Filed By: Virginia Echols
       Foreclosure Sale Scheduled: 9/30/2015
       Date Filed: 9/29/2015
       Result: Dismissed for Other Reason 10/23/2015

    g. Case Number: 16-10444 (E.D. VA)
       Chapter: 13
       Filed By: Julio Jaramillo
       Date Filed: 2/9/2016
       Result: In rem Order Granted with 180 day bar on May 9, 2016

    h. Case Number: 16-24728 (MD)
       Chapter 13
       Filed By: Virginia Echols
       Date Filed: 11/7/16
       Result: Dismissed 11/17/16

    i. Case Number: 17-13904 (MD)
       Chapter 13
       Filed by: Gloria Jaramillo
       Date Filed: 3/21/17
       Result: Dismissed 5/19/17

    j.  Case Number: 17-18065 (MD)
Chapter 13
Filed by: Gloria Jaramillo
Date Filed: 6/12/17
Result: In rem Order Granting relief for two years was granted by the United States Bankruptcy Court in Maryland on July 17, 2017.

    k.  Case Number: 17-12022 (E.D.VA)
Chapter 13
Filed by: Virginia Echols
Date Filed: 6/13/17
Result: In rem Order Granting relief for two years was granted on August 22, 2017.

6. The Co-Owners have engaged in continuous and vexatious litigation regarding the Property for the past three years. The Co-Owners have filed at least five lawsuits beginning in 2016 in continuing and baseless attempts to delay foreclosure and eviction.

    a.  *Echols v. Professional Foreclosure Corp. of Va.,* Case No. 1:16cv1311- LO-IDD (EDVA 2017) - asserts claims for declaratory relief, violations of the Fair Debt Collection Practices Act (FDCPA), wrongful foreclosure and common law fraud. Dismissed with leave to amend February 27, 2017 specifically indicated the dismissal would be with prejudice if the Plaintiff did not file an Amended Complaint within 30 days; no amended Complaint filed.

    b.  Loudoun County Circuit Court Case Number 108491 - dismissed with prejudice on August 4, 2017.

    c.  Loudoun Circuit Court Case No. 110900 - claims for declaratory judgment and violations of the FDCPA removed to this court and designated Case Number 1: 17cv01226; dismissed with prejudice

    d.  Loudoun Circuit Court 112976 - removed to this court as case number 1:18-cv00170; dismissed with prejudice.

    e.  Loudoun County Circuit Court Case Number 96311 - stayed due to one of Debtor's bankruptcy filings; purged after no action was taken for over two years.

7. In the last two bankruptcy cases filed by the Co-Owners, this Court and the United States Bankruptcy for the District of Maryland each entered equitable servitudes which allowed a

foreclosure to proceed. See **Exhibits A and B.** On August 1, 2018, a trustee's deed was recorded by the substitute trustee under the Subject DOT, Professional Foreclosure Corporation of Virginia, conveying the Property to HSBC Bank USA, N.A., as Trustee for Deutsche Alt-A Securities, Inc. Mortgage Loan Trust Series 2006-OA1, Mortgage Pass-Through Certificates on August 1, 2018, as Exhibit 20180801-0044889 ("HSBC"). **See Exhibit C.**

8. Thereafter, HSBC conveyed the Property to the Movant by deed dated July 15, 2019 and recorded July 30, 2019. **See Exhibit D.**

9. HSBC obtained a judgment for eviction of the Debtor from the Property on April 22, 2019 from the General District Court for Loudoun County, Virginia. Case No. GV19002107-00. The Debtor appealed.

10. HSBC thereafter filed a motion for summary judgment in the Circuit Court for Loudoun County, Virginia, CL19000542-00. A hearing was scheduled for September 6, 2019, **See Exhibit E.** Also pending was a motion to substitute the Movant as Plaintiff.

11. The Debtor then filed this bankruptcy on September 5, 2019.

12. Based upon Debtor and her co-owners' ongoing and improper use of bankruptcy as a device to stall the foreclosure and eviction of the Property, Movant submits that cause exists to terminate the automatic stay, to impose an equitable servitude against the Property, and to *issue in rem* relief pursuant to 11 U.S.C. § 362(d)(4).

**II.     STANDARD OF REVIEW.**

13. In general, motions for relief from stay are governed by 11 U.S.C. §362(d), which provides, in pertinent part, as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

    (2) with respect to a stay of an act against property under subsection (a) of this section, if--

        (A) the debtor does not have an equity in such property; and

        (B) Such property is not necessary to an effective reorganization.

The requirements for terminating the automatic stay under § 362(d) are in the disjunctive, such that if the Court finds cause to grant relief from the stay or finds that Debtor has no equity in the property sought to be foreclosed, the Court must lift the stay. Further, if the Court finds that the requirements of 11 U.S.C. § 362(d)(4) are satisfied, then the Court must grant relief from the stay.

### III.    BASIS FOR TERMINATION OF AUTOMATIC STAY

    A.    Cause Exists to Terminate the Automatic Stay Under 11 U.S.C.§362(d)(1)

14. "Section 362(d)(1) provides that relief from stay shall be granted for cause, including, but not limited to, lack of adequate protection of the creditor's interest in the debtor's property. Courts have discretion to lift the stay and must determine whether relief is appropriate on a case by case basis." In re LDN Corp., 191 B.R. 320, 323 (Bankr. E.D. Virginia 1996), *citing* Robbins v Robbins (In re Robbins), 964 F.2d 342, 345 (4th C.R. 1992).

15. "The Code, however, provides no definition of what constitutes 'cause,' so courts must determine whether relief is appropriate on a case-by-case basis." In re Ramkaran, 315 B.R. 361, 363 (D.Md. 2004), *citing* In re Robbins, 964 F.2d at 345. The decision to lift an automatic stay under Section 362 is within the discretion of the bankruptcy judge. Id.

16. "Cause may exist by the failure of the debtor to pay its secured creditor for a substantial period of time, whether prepetition or post-petition, coupled with a substantially unsupported proposal to satisfy the secured debt after plan confirmation." In re LDN Corp., 191 B.R. at 324. (Additional citation omitted.)

17. Debtor's filing of this case is nothing more than a furtherance of the scheme of the Debtor and the Co-Owners to delay the foreclosure and eviction of the Property to prolong their stay in a luxury home. This is the twelfth bankruptcy related to the Property. Each of the prior cases were dismissed without confirmation of a plan or discharge, and were generally dismissed based upon the failure to comply with Bankruptcy Court rules and requirements. This latest case is an improper attempt to use the equitable powers of the Bankruptcy Court to delay a pending eviction. Debtor's misuse of the protections afforded by bankruptcy should be rejected and the automatic stay terminated accordingly.

    B.    Debtor's Lack of Equity in the Property Is Grounds for Relief under 11 U.S.C. § 362(d)(2)

18. Section 362(d)(2) of the Bankruptcy Code authorizes the Court to terminate the automatic stay with respect to Debtor's property if:

(A) the debtor does not have an equity in such property; and

(B) the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

19. In this case, the subject Property is not necessary for Debtor's effective reorganization. This is a Chapter 7 case. The Debtor no longer has title to the Property, she has only a bare possessory interest. Accordingly, the Debtor has no equity in the Property and it is not necessary for an effective reorganization. The stay should be terminated pursuant to 11 U.S.C. § 362(d)(2).

    C.    Cause Exists to Terminate the Automatic Stay Under 11 U.S.C.§362(d)(4)

20.    Section 362(d)(4) of the Bankruptcy Code authorizes the Court, in a Chapter 11 proceeding, to terminate the automatic stay with respect to Debtor's property if:

> **(4)** with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> **(A)** transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> **(B)** multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4).

21.    Section 362(d)(4) of the Bankruptcy Code goes on to provide that:

> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

*Id.*

22.    In this case, the filing of a petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the Property, not to mention five lawsuits filed by various "owners" in the Circuit Court for Loudoun County, Virginia and elsewhere. Accordingly, the Court should enter relief pursuant to 11 U.S.C.§ 362(d)(4).

## IV.     BASIS AND REQUEST FOR EQUITABLE SERVITUDE

23.     As noted, this case is the twelfth bankruptcy related to the Property since October, 2012. Each of the prior bankruptcies related to the bankruptcy have been dismissed without confirmation of a plan or obtaining a discharge, and generally upon the debtor's failure to comply with subject filing requirements. In each case, the Debtor has filed when a foreclosure sale of the Property was imminent. This time, the Debtor filed when an eviction hearing was imminent.

24.     In general, "creditors have the option to request, in addition to relief from the automatic stay under Section 362(d), the imposition of an equitable servitude on property in which a debtor has an interest upon showing that the debtor, with others having interest in the property, is: (1) a serial bankruptcy filer (2) whose filings constitute a continuing abuse of the bankruptcy process." In re Abdul Muhaimain, 343 B.R. 159, 171-172 (Bankr. D.Md. 2006). It is also established that the court, invoking its powers under 11 U.S.C. § 105(a), "has the power and duty to implement an appropriate order to prevent the continuing abuse of the bankruptcy process" by a debtor. In re Yimam, 214 B. R. 463,466 (Bankr. D. Md. 1997). "A debtor's abuse of the bankruptcy system warrants imposition of an equitable servitude." In re Chapelle, 2000 WL 33529767 at *1 (Bankr. Wash., D.C. 2000). In Chapelle, the debtor or his "co-defendant" had filed six bankruptcies "within three years." Id. The Court determined that "(T)hrough these seriatim filings, the defendants have used the automatic stay of 11 U.S.C. §362(a) to delay foreclosure proceedings. The defendants have made no mortgage payments on the loan which was obtained in 1996 and which is secured by the Property." Id. The Court concluded that "(T)he defendants' abuse of the bankruptcy system warrants imposition of the equitable servitude." Id.

25.     In this case, the Debtor and the Co-Owners have filed a total of **twelve bankruptcies**, in two different jurisdictions, since 2012. The Debtor and Co-Owners have

11

improperly used bankruptcy as a device to stall the foreclosure sale of the Property, and in order to pursue frivolous lawsuits. They now seek to delay an eviction. Accordingly, Movant submits that cause exists to impose a new equitable servitude for a period of two years, precluding the automatic stay from applying to the Property.

### VI.    RELIEF REQUESTED.

26.    Based upon the foregoing, Movant respectfully submits that cause exists to grant relief from the automatic stay to permit Movant to proceed with all its remedies under state law. Movant further requests that an equitable servitude and in rem relief be entered against imposition of the automatic stay on the property located at 17726 Tobermory Place, Leesburg, VA 20175 for a period of two years.

**WHEREFORE**, Movant Arafa Real Property LLC respectfully requests that this Honorable Court:

- **A.** **ORDER** that the automatic stay as to Debtor's interest in the subject property be terminated, to permit Movant to proceed with all of its state law rights and remedies against the Property; and further,

- **B.** **ORDER** the imposition of an equitable servitude against imposition of the automatic stay, or any stay arising from the removal of any lawsuit relating to the Property to this or any other Bankruptcy Court or United States District Court, on the property located at 17726 Tobermory Place, Leesburg, VA 20175 for a period of two years; and further,

- **C.** **ORDER** that the fourteen (14) day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived; and further,

- **D.** **ORDER** such other and further relief as this action may require.

Dated:  September 10, 2019            Respectfully submitted,


/s/ Justin P. Fasano
McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.
Craig M. Palik, Esquire (VSB # 45728)
Justin P. Fasano, Esquire (VSB # 75983)
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Phone: 301-441-2420
cpalik@mhlawyers.com
jfasano@mhlawyers.com
*Counsel for Arafa Real Estate LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on this 10th day of September, 2019, a copy of the foregoing pleadings was served electronically through the Court's CM/ECF System, via Federal Express and via first class mail, postage prepaid, upon:

**VIRGINIA ECHOLS**
17726 Tobermory Place
Leesburg, VA 20175

**ALEXI FARACO,**
17726 Tobermory Place
Leesburg, VA 20175

**JULIO JARAMILLO,**
17726 Tobermory Place
Leesburg, VA 20175

**GLORIA JARAMILLO,**
17726 Tobermory Place
Leesburg, VA 20175

**GLORIA JARAMILLO**
3506 Collier Road
Beltsville, MD 20705

**I FURTHER CERTIFY**, that on this 10th day of September, 2019, a copy of the foregoing pleadings was served electronically through the Court's CM/ECF System, and via first class mail, postage prepaid, upon:

**Janet M. Meiburger**
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101-5726

                                                     /s/   Justin P. Fasano
                                                     Justin P. Fasano